IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| HARDY K. AH PUCK JR., #A0723792, | ) ) ) | CIV. NO. 17-00154 DKW-KJM |
|---|---|---|
| Plaintiff, | ) ) ) | ORDER DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b) |
| vs. | ) ) | |
| KENTON S. WERK, CRAIG HIRAYASU, PETER T. CAHILL, | ) ) ) | |
| Defendants, | ) ) | |

**ORDER DISMISSING COMPLAINT PURSUANT TO
28 U.S.C. §§ 1915(e)(2) & 1915A(b)**

Before the court is pro se Plaintiff Hardy K. Ah Puck's prisoner civil rights Complaint. ECF No. 1. Plaintiff alleges Defendants Maui County Deputy Prosecutor Kenton S. Werk, Probation Officer Craig Hirayasu, and Hawaii Second Circuit Court ("circuit court") Judge Peter T. Cahill violated his civil rights in connection with the revocation of his probation. For the following reasons, Plaintiff's Complaint is DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b) with leave granted to amend.

**I. SCREENING**

Federal courts must screen all cases in which prisoners seek redress from a governmental entity, officer, or employee, or seek to proceed without prepayment

of the civil filing fees. *See* 28 U.S.C. §§ 1915(b)(2) and 1915A(a). The court must identify cognizable claims and dismiss those claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at §§ 1915(b)(2) and 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Moreover, a plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

Pro se prisoners' pleadings must be liberally construed and given the benefit of any doubt. *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." *Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of*

*Regents*, 673 F.2d 266, 268 (9th Cir. 1982)). A plaintiff must identify specific facts supporting the existence of substantively plausible claims for relief. *Johnson v. City of Shelby*, 135 S. Ct. 346, 347 (2014) (per curiam) (citation omitted). Leave to amend should be granted if it appears possible that the plaintiff can correct the complaint's defects. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

## II. **BACKGROUND**

Plaintiff is incarcerated at the Maui Community Correctional Center ("MCCC"). Plaintiff apparently challenges Judge Cahill's, Deputy Prosecutor Werk's, and Probation Officer Hirayasu's actions taken during his criminal proceedings to revoke his probation and his later challenges to that revocation. Plaintiff complains that Hirayasu reported his failure to report to the probation office, and Werk then authorized an arrest warrant. Presumably, Judge Cahill issued an order revoking probation, although Plaintiff is not specific on this point.

Plaintiff broadly claims that Werk prosecuted him twice for the same offense in violation of the Fifth Amendment by participating in the revocation proceedings. He also alleges Defendants discriminated against him, but sets forth no facts in support of this claim. Finally, Plaintiff complains that the circuit court, perhaps Judge Cahill, denied or dismissed eight petitions he recently filed in the circuit court. He seeks compensatory damages.

## III. DISCUSSION

"To sustain an action under section 1983, a plaintiff must show '(1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right.'" *Hydrick v. Hunter*, 500 F.3d 978, 987 (9th Cir. 2007) (citation omitted), *vacated and remanded on other grounds*, 556 U.S. 1256 (2009); *see also West v. Atkins*, 487 U.S. 42, 48 (1988); 42 U.S.C. § 1983.

Additionally, a plaintiff must allege that he suffered a specific injury as a result of a particular defendant's conduct and an affirmative link between the injury and the violation of his rights. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

### A.   Rule 8

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, a complaint must include "a short and plain statement of the claim showing that the pleader is

entitled to relief" and "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(e). Although Rule 8 does not require a plaintiff to identify the statutory or constitutional source of a claim, he nevertheless must "give 'fair notice' of the claim and its basis." *Sagana v. Tenorio*, 384 F.3d 731, 736-37 (9th Cir. 2004). If the factual elements of a claim are not organized into a short and plain statement, dismissal for failure to satisfy Rule 8 is proper. *See McHenry v. Renne*, 84 F,3d 1172, 1178 (9th Cir. 1986); *Sparling v. Hoffman Constr. Co., Inc.*, 864 F.2d 635, 640 (9th Cir. 1988); *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 673-75 (9th Cir. 1981).

Plaintiff does not adequately describe the factual bases for his claims, or provide sufficient details to allow the court to plausibly infer that Defendants violated his rights. That is, Plaintiff fails to submit any facts that show that his civil rights were violated or that demonstrate each individual Defendant's personal participation in this alleged deprivation of his rights. It is impossible for Defendants to understand Plaintiff's claims against them. Plaintiff fails to state a claim and the Complaint is DISMISSED with leave granted to amend.

Before submitting an amended pleading, however, Plaintiff should consider the following discussion regarding the other infirmities in his Complaint.

**B.	Immunities**

   *1.	Eleventh Amendment Immunity*

Plaintiff names Deputy Prosecutor Werk, Probation Officer Hirayasu, and Judge Cahill in their official capacities for acts apparently taken during probation revocation proceedings and challenges to his criminal conviction. Defendants were therefore acting on behalf of the State of Hawaii. *See Goldstein v. City of Long Beach*, 715 F.3d 750, 759 (9th Cir. 2013) (stating "the district attorney acts on behalf of the state when conducting prosecutions"); *Greenlaw v. Cty. of Santa Clara*, 125 Fed. App'x 809, 810 (9th Cir. 2005) (deputy district attorney and superior court judge represented the State, not the county, in prosecuting plaintiff); *Greater Los Angeles Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103, 1110 (9th Cir. 1987) (employees of the California superior court are state, not county, employees).

States, state agencies, and state officials sued in their official capacities are not "persons" subject to civil rights claims for damages under § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64-66 (1989); *see also Hafer v. Melo*, 502 U.S. 21, 30 (1991) (clarifying that Eleventh Amendment does not bar suits against state officials sued in their individual capacities, nor does it bar suits for prospective injunctive relief against state officials sued in their official capacities).

To overcome the Eleventh Amendment bar, the State must have waived its sovereign immunity or Congress must have abrogated it; such consent to suit must be "unequivocally expressed." *See Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984).

Hawaii has not waived its immunity to suit in federal court under § 1983. *Sherez v. Haw. Dep't of Educ.*, 396 F. Supp. 2d 1138, 1142-43 (D. Haw. 2005) (dismissing claims against state agency and state official in his official capacity based on Eleventh Amendment immunity); *Piedvache v. Ige*, 2016 WL 6516826, at *4 (D. Haw. Nov. 2, 2016) (finding Hawaii has not waived its sovereign immunity). Plaintiff seeks compensatory damages only, from which Defendants are immune from suit in their official capacities.

### 2. *Judicial and Quasi-Judicial Immunity*

Judge Cahill and Deputy Prosecutor Werk are absolutely immune from liability for damages under § 1983 for their actions taken during judicial proceedings such as Plaintiff's criminal proceedings. *See Ashelman v. Pope*, 793 F.2d 1072, 1078 (9th Cir. 1986) (discussing judicial immunity); *Imbler v. Pachtman*, 424 U.S. 409, 427, 430 (1976)) (holding prosecutors entitled to quasi-judicial immunity when they engage in activities "intimately associated with the judicial phase of the criminal process"). Judicial immunity may be overcome only

if the judge's actions are "not taken in the judge's judicial capacity," or are "taken in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (internal citations omitted). A prosecutor is not entitled to immunity for performing "administrative duties and those investigatory functions that do not relate to an advocate's preparation for the initiation of a prosecution or for judicial proceedings." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993).

Quasi-judicial immunity also extends to probation officers, such as Officer Hirayasu, for the preparation of probation reports because they are performing a function "integral to the independent judicial process." *Burkes v. Callion*, 433 F.2d 318, 319 (9th Cir. 1970) (holding probation officer preparing and submitting a probation report in a criminal case is "performing a 'quasi-judicial' function")*; Demoran v. Witt*, 781 F.2d 155, 157-158 (1986) (finding same for the preparation of presentence reports); *Cotton v. California*, 2016 WL 4775464, at *5 (C.D. Cal. Aug. 5, 2016), *adopted*, 2016 WL 4770026 (C.D. Cal. Sept. 13, 2016) (finding probation officer entitled to immunity).

**C.    Heck v. Humphrey**

Pursuant to *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994), a § 1983 action for damages will not lie where establishing the basis for the damages claim necessarily demonstrates the invalidity of the conviction. Because Plaintiff alleges

8

that his probation was revoked and he has been incarcerated, it appears that his underlying conviction is still valid. That is, it has not been overturned on appeal or otherwise called into question. Plaintiff is advised that his allegations regarding constitutional violations during his criminal proceedings may be barred if they necessarily imply the invalidity of the revocation proceedings.

## IV. <u>LEAVE TO AMEND</u>

The Complaint is DISMISSED with leave granted to amend. Plaintiff may file an amended complaint on or before June 9, 2017 that cures the deficiencies noted above. An amended complaint generally supersedes the previous complaint. *See Lacey v. Maricopa Cty.*, 693 F.3d 896, 907, n.1 (9th Cir. 2012) (en banc). Thus, an amended complaint should stand on its own without incorporation or reference to a previous pleading. Defendants not named and claims dismissed without prejudice that are not realleged in an amended complaint may later be deemed voluntarily dismissed. *Id.* at 928 (stating claims dismissed with prejudice need not be repled in an amended complaint to preserve them for appeal, but claims that are "voluntarily dismissed" are considered "waived if not repled").

## V. <u>28 U.S.C. § 1915(g)</u>

If Plaintiff fails to file an amended complaint, or is unable to amend his claims to cure their deficiencies, this dismissal may count as a "strike" under the

9

"3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 –

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

### VI.  CONCLUSION

(1)  The Complaint is DISMISSED for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

(2)  Plaintiff may file an amended complaint curing the deficiencies noted above on or before June 9, 2017. Failure to cure these deficiencies may result in dismissal of this action and Plaintiff may incur a strike pursuant to 28 U.S.C. § 1915(g).

///

///

///

(3) The Clerk is directed to mail Plaintiff a prisoner civil rights complaint form so that he can comply with the directions in this Order.

    IT IS SO ORDERED.

    DATED: May 2, 2017 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---

*Hardy K. Ah Puck, Jr. V. Kenton S. Werk, et al.*; Civil No. 17-00154 DKW-KJM; **ORDER DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)**

*Ah Puck v. Werk*, 1:17-cv-00154 DKW/KJM; Scrn 2017 Ah Puck 17-154 dkw (dsm R8 abs. Jud. Imm)